UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PETER LEWIS GORDON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No. 08-100-B-S |
| | ) | |
| STATE OF MAINE, et al., | ) | |
| | ) | |
| Defendants | ) | |

ORDER DENYING MOTION TO AMEND AND DECISION RECOMMENDING
DISMISSAL OF COMPLAINT

The plaintiff, a resident of the Maine State Prison, has filed an action invoking 42 U.S.C.
§ 1983 and naming the State of Maine, the Maine Superior Court (Somerset County), Maine
Superior Court Justice Joseph Jabar, Maine Assistant Attorney General Donald W. Macomber,
and the Somerset County District Attorney's Office as defendants.  He alleges that he was
"prosecuted by a kangaroo court system of Somerset County . . . .  The Maine Law Court also
failed to provide me a lawyer.  The Maine court systems have failed to read the entire facts of my
case and rule on only half of the information provided[.]"  [Complaint] (Docket No. 1) at [3].  He
seeks injunctive and monetary relief.  *Id.*  The complaint was filed on March 27, 2008.  On May
16, 2008, the plaintiff filed a motion for leave to amend the complaint in order to add "the judges
of the Maine Supreme Court" who sat on his appeal from the judgment of the Maine Superior
Court to which he takes exception.  Motion to Add Defendants (Docket No. 14).  The originally
named defendants have filed an opposition to this motion, which includes a motion to dismiss the

action.  Response to Plaintiff's "Motion to Add Defendants" and Incorporated Motion to Dismiss by the Defendants (Docket No. 15).

I deny the motion for leave to amend and recommend that the court grant the defendants' motion to dismiss the complaint.

### I.  Dismissal of Complaint

While pleadings filed by *pro se* litigants, like the plaintiff here, are to be construed liberally, *Clarke v. Blais*, 473 F.Supp.2d 124, 129 (D.Me. 2007), this court will not recharacterize the complaint as filed.  In this case, the plaintiff alleges failures by the State of Maine, its Superior Court, one of its district attorneys' offices, a Superior Court justice, and an assistant attorney general to accord him the rights to which he alleges he is entitled.

Pursuant to 28 U.S.C. § 1915A:

> **(a) Screening**. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> **(b) Grounds for dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

>> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

>> **(2)** seeks monetary relief from a defendant who is immune from such relief.

*See also* 42 U.S.C. § 1997e(c) (same standard, specific to section 1983 actions brought by prisoners).

Here, suit against the State of Maine, one of its courts, and the office of one of its district attorneys is barred by the Eleventh Amendment, unless the state has consented to the filing of such a suit.  *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  *See also Chalupowski v. Berry*, 151

Fed.Appx. 1, 2 (1st Cir. 2005) (per curiam) (federal court may not order state court to take particular action, due to *Younger* abstention principles); *Radion v. New Hampshire Supreme Court*, 84 Fed.Appx. 105, 105 (1st Cir. 2003) (per curiam) (state court as defendant correctly dismissed on grounds of judicial immunity). The complaint does not allege that the state has done so, and I am not aware of any Maine statute generally consenting to suits under 42 U.S.C. § 1983 by inmates of its correctional institutions, or to such a suit by this particular inmate.

The defendant judge and assistant attorney general are also immune from suit under the circumstances alleged by the plaintiff. *Ingraham v. University of Maine,* 441 A.2d 691, 692 (Me. 1982) (district attorney, as prosecuting officer of state, enjoys absolute immunity from suit when acting within scope of official duty); *Brown v. Ives*, 129 F.3d 209, 212 (1st Cir. 1997) ("Maine's judges are absolutely immune from damage claims based on their judicial decisions."). Finally, as to the Section 1915A(b)(2) ground set forth above, the complaint clearly seeks monetary relief.

Even if the named defendants were not immune from suit, this complaint should be dismissed because it can only be construed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (a legally frivolous complaint is one which is based on "an indisputably meritless legal theory"). To the extent that the complaint presents a legal theory, that theory is indisputably meritless. *See Harmon v. Bullock*, 21 Fed.Appx. 9, 10 (1st Cir. 2001) (per curiam) (upholding trial court conclusion that complaint was frivolous even if allegation that criminal charge against plaintiff was unfounded were true, because state court defendant immune from liability; allegation that state court's rulings called its impartiality into question, requiring recusal, frivolous on its face); *Slotnick v. Staviskey*, 560 F.2d 31, 32-33 (1st Cir. 1977) (claim of conspiracy under § 1983 against state court judge, attorney for plaintiff in state court case, and

others properly dismissed where complaint contained only conclusory allegations unsupported by references to material facts).

For the foregoing reasons, I recommend that the defendants' motion to dismiss the complaint be **GRANTED**.[1]

## II. Motion for Leave to Amend

The motion for leave to amend seeks to add as named defendants the justices of the Maine Law Court who sat on the appeal of the plaintiff's underlying case. For the reasons already discussed, these individuals are immune from suit arising from their judicial actions. *See Ives*, 129 F.3d at 212. Under Fed. R. Civ. P. 15(a) leave to amend a pleading is to be freely given "when justice so requires," unless the amendment would be futile. *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). The amendment sought by the motion would be futile, because the justices of the Law Court are immune from suit on the plaintiff's claims, and leave to amend is therefore **DENIED**. *See, e.g., El-Hajj v. Fortis Benefits Ins. Co.*, 156 F.Supp.2d 27, 34-35 (D. Me. 2001) (court denies a motion to amend a pleading if the proposed amendments would be futile such as not to stand up to a 12(b)(6) motion to dismiss).

---

[1] On June 4, 2008, the clerk's office received and docketed a letter from the plaintiff in which he purports to respond to a letter signed by the attorney for the defendants in this case. Docket No. 19. On June 12, 2008, the clerk's office received and docketed a further response from the plaintiff to the defendants' motion to dismiss. Docket No. 20. The plaintiff's initial response to the motion was received and filed on May 28, 2008. Docket No. 17. The letter entered as Docket No. 19 is in substance a further or supplemental response to the defendants' motion, just like the further response filed on June 12 and entered as Docket No. 20. This court's rules make no provision for the filing of supplemental or additional documents, *seriatim*, in opposition to a motion. The defendants did not file a reply brief, so there has been no new argument to which the plaintiff might reasonably seek leave to respond. While a *pro se* litigant's pleadings are to be read indulgently by the court, *pro se* plaintiffs are not relieved from compliance with the rules of pleading that apply to all other litigants. *See, e.g., Andrews v. City of Calais*, 2005 WL 3371080 (D. Me. Nov. 9, 2005). Accordingly, leave to file additional oppositions to the pending motion not having been sought, Docket Nos. 19 and 20 are hereby stricken.

4

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 13th day of June, 2008.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge